UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY NATIONAL BANK OF WEST VIRGINIA,<br><br>Plaintiff,<br><br>vs.<br><br><br><br>DR. JOHN H. HAJJAR, SHARON F. HAJJAR,<br><br>Defendants. | Civil Case No.: 2:23-cv-03160<br><br>Magistrate Judge Stacey D. Adams<br><br>**ORDER TO TURN OVER FUNDS AND INVENTORY SAFETY DEPOSIT BOXES** |

**THIS MATTER** having been brought before the Court upon the motion of Riker Danzig, LLP, counsel for Plaintiff City National Bank of West Virginia ("Plaintiff"), for the turnover of $99,008.79 in funds held by PNC Bank, and for access to inventory the safety deposit boxes of Defendant Sharon F. Hajjar ("Debtor"), which have been levied upon by the U.S. Marshal Service; and for good cause having been shown;

**IT IS** on this **13th** day of **August**, **2025**:

**ORDERED** that PNC Bank turnover $99,008.79 in partial satisfaction of the Judgment of this Court entered on September 27, 2023, payable to Riker Danzig, LLP, as attorneys for Plaintiff; and it is further

**ORDERED** that PNC Bank grant Riker Danzig, LLP, as attorneys for Plaintiff, access to inventory all of Debtor's safety deposit boxes.

**SO ORDERED.**

Dated: August 13, 2025

                                                 Hon. Stacey D. Adams, U.S.M.J.

*For the reasons set forth in the attached Opinion.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY NATIONAL BANK OF WEST VIRGINIA,<br><br>         Plaintiff,<br><br>vs.<br><br><br><br>DR. JOHN H. HAJJAR, SHARON F. HAJJAR,<br><br>         Defendants. | Civil Case No.: 2:23-cv-03160<br><br>Magistrate Judge Stacey D. Adams<br><br>**OPINION**<br><br>**August 13, 2025** |

**STACEY D. ADAMS, UNITED STATES MAGISTRATE JUDGE**

  This matter comes before the Court on the motion of Plaintiff City National Bank of West Virginia ("Plaintiff") for an Order Directing the Turnover of Funds and an Inventory of Safety Deposit Boxes (Mot., ECF No. 15). The Motion was properly served on both Defendant-debtor Sharon F. Hajjar ("Sharon") and garnishee PNC Bank ("PNC") and is unopposed. The Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Motion is **GRANTED**.

  **I. FACTUAL BACKGROUND/RELEVANT PROCEDURAL HISTORY**

  Plaintiff obtained a default judgment in its favor against Defendants Dr. John H. Hajjar ("John") and Sharon F. Hajjar ("Sharon")[1] (together, "Defendants") on September 27, 2023, in the amount of $284,283.21, plus post-judgment interest. (ECF No. 9).

  Plaintiff then filed a motion to direct Defendants to appear and make discovery under

---

[1] The Court refers to Defendants by their first names because they share the same last name. The Court intends no disrespect.

oath, which was granted on October 21, 2024. (ECF Nos. 11, 12). After conducting discovery, Plaintiff determined Sharon had six bank accounts held jointly with her husband, John, as well as three safety deposit boxes, at PNC. (Br., ECF No. 15-3 at 2). Plaintiff requested a Writ of Execution to be delivered and executed by the United States Marshals Service ("USMS") on January 22, 2025. (ECF No. 13). On January 31, 2025, this Court entered the Writ of Execution, commanding the USMS to satisfy the principal judgment of $284,283.21, plus post-judgment interest in the amount of $20,499.46 as of January 21, 2025. (Mot. at 2-3). On March 3, 2025, pursuant to the Writ of Execution, the USMS levied upon Sharon's accounts and safety deposit boxes at PNC. (O'Donnell Cert., ECF No. 15-4 ¶ 4). On March 13, 2025, PNC advised Plaintiff it placed a hold on Sharon's accounts and safety deposit boxes pursuant to the Writ of Execution. (*Id.* ¶ 5).

Plaintiff files the instant Motion seeking an order to turnover $99,008.79 in funds, and for access to Sharon's safety deposit boxes for purposes of inventorying the contents. (Mot. at 1).

## II.     GOVERNING LAW/ANALYSIS

Fed. R. Civ. P. 69 provides, in relevant part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Therefore, New Jersey state law governs the procedure on execution. "While New Jersey state procedural law governs writs of execution pursuant to Federal Rule of Civil Procedure 69, the Rule 'does not require strict adherence to state procedural law.'" *Sec. & Exch. Comm'n v. Brogdon*, No. 15-cv-8173 (KM), 2020 WL 10964594, at *2 (D.N.J. Nov. 18, 2020) (quoting *Mitchell v. Lyons Pro. Servs., Inc.*, 727 F. Supp. 2d 120, 121 (E.D.N.Y. 2010)).

New Jersey law requires that writs of execution be used to enforce judgments. *See* N.J. Ct. R. 4:59-1(a). New Jersey law also provides:

> After a levy upon a debt due or accruing to the judgment debtor from a third person, herein called the garnishee, the court may upon notice to the garnishee and the judgment debtor, and if the garnishee admits the debt, direct the debt, to an amount not exceeding the sum sufficient to satisfy the execution, to be paid to the officer holding the execution or to the receiver appointed by the court, either in 1 payment or in installments as the court may deem just.

N.J. Stat. Ann. § 2A:17-63. "Put simply, after a levy is placed on a debt of a judgment-debtor, and after the garnishee admits to the debt, the court may issue the payment of all of the debt held by the garnishee." *Super 8 Worldwide Inc. v. Nirgam Ent., LLC*, No. 11-cv-6447 (WJM), 2023 WL 1360135, at *2 (D.N.J. Jan. 30, 2023). Under New Jersey law, a turnover order "is a mechanism that 'direct[s] a bank holding the debtor's funds to pay those funds over to creditors rather than to the debtor.'" *In re Paul*, No. 12-cv-7855 (FLW), 2013 WL 3446994, at *2 (D.N.J. Jul. 9, 2013) (internal citations omitted).

"The prerequisite to the entry of a turnover order is the issuance of a writ of execution for the purpose of a levy." *Id.* (internal citations omitted). A writ of execution "shall remain valid and effective for the purpose of a levy and shall be operative and effective against any goods and chattels levied upon, for two years from the date of its issuance, unless sooner satisfied." N.J. Stat. Ann. § 2A:18-27. The judgment-creditor must thereafter move for a turnover order, which a court must grant "when 'there has been a levy on a debt due [to] a judgment debtor and the garnishee admits the debt.'" *Paul*, 2013 WL 3446994, at *2 (internal citations omitted). A garnishee can admit to the existence of the debt within the meaning of N.J. Stat. Ann. § 2A:18-27 by failing to object to turning over the funds. *Super 8*, 2023 WL 1360135, at *3 (citations omitted).

It is permissible for a court officer to forcibly open safety deposit boxes subject to a writ of execution. *See New Century Fin. Svcs., Inc. v. Arellano*, 2006 WL 3344985 (N.J. Sup. Ct. App. Div. Nov. 20, 2006) (finding safety deposit boxes were not exempt from levy pursuant to statute and could be forcibly opened to inventory the items therein to determine what property was subject to levy).

Here, Plaintiff followed the proper procedures to compel the turnover of funds. Plaintiff requested a Writ of Execution to be executed by the USMS on January 31, 2025. (ECF No. 13). The Writs were returned executed on March 26, 2025. (ECF No. 14). Plaintiff then timely filed the instant Motion on May 1, 2025. (ECF No. 15). Neither, Sharon, the debtor, nor PNC, the garnishee, objected the motion to turnover funds despite proper service. (*See* ECF No. 15-2) (establishing that Sharon was served with the Motion via certified mail, return receipt requested). Accordingly, the Court must grant the motion to turnover funds. The Court will also allow the USMS to inventory the safety deposit boxes to determine if they contain items that are subject to levy.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED**. The Clerk of Court is respectfully directed to terminate the Motion at ECF No. 15.

*s/ Stacey D. Adams*
Stacey D. Adams
United States Magistrate Judge